IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH R. SCARBROUGH,<br>    Plaintiff,<br><br>v.<br><br>FRESH 'N FIT CUISINE, INC.,<br>    Defendant. | 2:13-cv-275-WCO<br><br>CIVIL ACTION NO.: _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Joseph R. Scarbrough, by and through undersigned counsel, and hereby files this COMPLAINT AND JURY DEMAND against Defendant Fresh 'N Fit Cuisine, Inc. (hereinafter Defendant) and shows the Court as follows:

1. Mr. Scarbrough was an employee of Fresh 'N Fit and brings this action against the Defendant for overtime compensation, lost wages, liquidated damages, attorney's fees, costs, interest and any other relief authorized under the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA") for losses suffered as a result of the Defendant's unlawful acts.

2. Mr. Scarbrough worked for Defendant from December 26, 2012 through August 26, 2013 as a customer service representative.

1

3. During his employment with Defendant, Plaintiff was paid $1,153.85 every two weeks.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon the District Court "of all civil actions arising under the constitution, laws, or treaties of the United States." This action arises by way of the FLSA, a federal statute.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the acts, events and omissions which violated the FLSA occurred primarily in the Northern District of Georgia.

6. Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by delivering the Summons and Complaint to its Registered Agent Paul Elston Collins at 6080 Parkway North Drive, Cumming GA 30040.

## PARTIES

7. Defendant is an employer defined by 29 U.S.C. §203(d).

8. Defendant is a Georgia Corporation that serves the Southeastern United States, including Tennessee, Florida, Alabama, North and South Carolina.

9. Defendant prepares and provides pre-portioned, dietary meals to individuals, and routinely ships them out of state.

10. During Mr. Scarbrough's employment with Defendant, Defendant conducted over $500,000.00 in gross sales per year.

11. During Mr. Scarbrough's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplied which travelled in interstate commerce.

12. Therefore, Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. §203(s)(1)(A)(i) and (ii).

13. Additionally, every week during the course of his employment, Mr. Scarbrough worked on goods that would one-day move into interstate commerce.

14. Mr. Scarbrough's duties included shipping to customers, packaging meals and answering all incoming phone calls and emails.

## FLSA VIOLATIONS

15. At all times relevant to this action, Defendant failed to comply with the FLSA because Defendant failed to pay any overtime compensation to Plaintiff, and retaliated against Mr. Scarbrough for requesting payment.

16. During the course of Mr. Scarbrough's employment, he routinely worked over 50 hours a week.

17. If Mr. Scarbrough came in late or left early Defendant would routinely deduct from his salary for time missed, and would use his vacation time to make up the difference, on an hourly basis.

18. In June Mr. Scarbrough complained to the President of Fresh 'N Fit, Paul Elston Collins, that he was not receiving overtime pay.

19. Mr. Scarbrough, additionally made complaints to Phyllis White, Vice President of Fresh 'N Fit, regarding Defendant's failure to compensate him for overtime.

20. In response to Mr. Scarbrough's complaints regarding his overtime pay, on August 26, 2013, Defendant terminated Mr. Scarbrough's employment.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT – OVERTIME

21. Plaintiff reincorporates and readopts all allegations contained in paragraphs one through twenty above.

22. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

23. During his employment with Defendant, Plaintiff was only paid his regular wages and did not receive overtime compensation for overtime hours worked.

24. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT – RETALIATION

26. Plaintiff reincorporates and readopts all allegations contained in paragraphs one through twenty above.

27. During Plaintiff's employment with Defendant, Plaintiff complained to his direct supervisors regarding Defendant's failure to pay him overtime.

28. Plaintiff's termination was causally connected to his complaints regarding overtime payments.

29. As a result of Defendant's intentional, willful and unlawful acts in terminating Plaintiff's employment, Plaintiff has suffered damages plus incurring reasonable attorney's fees and costs.

30. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to recover lost wages and liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Scarbrough demands judgment against the Defendant for payment of all overtime hours at one and half the regular rate of pay, lost wages, liquidated damages, attorney's fees, costs, interest, and all further relief the Court or Jury determines to be just and appropriate.

## JURY DEMAND

Mr. Scarbrough requests a Jury Trial for all issues this Court deems appropriate for the jury.

Dated this 17th day of December 2013.

/s/ *Thomas C. Wooldridge*
Thomas C. Wooldridge
Georgia Bar No. 384108
Wooldridge and Jezek, LLP
1230 Peachtree Street NE
Suite 1900
Atlanta, GA 30309
Tel:  404.942.3300
Fax: 404.942.3302
Attorney for Plaintiff