IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH R. SCARBROUGH, | ) | |
|    Plaintiff, | ) | Civil Action No.: |
| v. | ) | |
| | ) | No. 13-CV-275-WCO |
| FRESH 'N FIT CUISINE, INC., | ) | |
|    Defendant. | ) | |
| _____ | ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
PURSUANT TO THE FAIR LABOR STANDARDS ACT**

Plaintiff Joseph R. Scarbrough and Defendant Fresh 'n Fit Cuisine, Inc. (Plaintiff and Defendant collectively referred to as the "Parties"), jointly request that the Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA"), the Parties' settlement must be approved by this Court and such approval must be entered as a stipulated final judgment.

    A.    **SETTLEMENT OF FLSA CLAIMS IN THE ELEVENTH CIRCUIT**

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353

1

(11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.* In addressing the circumstances justifying court approval of FLSA settlements in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

**B. THE PARTIES' SETTLEMENT AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE BONA FIDE DISPUTES BETWEEN THE PARTIES**

Following good faith, arms-length negotiations the Parties have reached a settlement of all claims. Due to the uncertainties of litigation, disputed facts regarding whether Plaintiff was exempt from the overtime requirements of the FLSA

and the number of hours Plaintiff worked, and the benefit to both Parties in avoiding the expense and time associated with further litigation, the Parties have agreed to settle this matter. An executed copy of the Waiver, Release, and Settlement Agreement (the "Agreement") is attached hereto as <u>Exhibit A</u>.

The proposed settlement arises out of an individual FLSA action brought by Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel. The Parties agree that the instant action involves heavily disputed issues regarding, *inter alia*, Plaintiff's exemption status and hours worked, as well as whether Plaintiff's employment was terminated for legitimate, non-retaliatory reasons.

The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed Plaintiff's regular and overtime hours and pay rate and formulated proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent valuations of the case. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Plaintiff and a representative of Defendant have

signed the Settlement Agreement and Release setting forth the terms of the settlement.

For the foregoing reasons, the Parties jointly and respectfully request that the Court approve the settlement agreement of the Parties, and, upon approval of the settlement, that the Court dismiss the action with prejudice. A proposed Order has been attached for the Court's convenience as <u>Exhibit B</u>.

Respectfully submitted this 18th day of February, 2014.

| | |
|---|---|
| /s/ *Thomas C. Wooldridge*<br>Thomas C. Wooldridge<br>Georgia Bar No. 384108<br>Wooldridge & Jezek, LLP<br>1230 Peachtree Street, N.E.<br>Suite 1900<br>Atlanta, Georgia 30309<br>O:  (404) 942-3300<br>F:  (404) 942-3302<br><br>*Attorneys for Plaintiff* | /s/ Matthew R. Rosenkoff<br>Scott G. Blews<br>Georgia Bar No. 063390<br>Matthew R. Rosenkoff<br>Georgia Bar No. 842117<br>TAYLOR ENGLISH DUMA LLP<br>1600 Parkwood Circle<br>Suite 400<br>Atlanta, Georgia 30339<br>O:  770-434-6868<br>F:  770-434-7376<br><br>*Attorneys for Defendant* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH R. SCARBROUGH,    ) | |
|    Plaintiff,    ) | Civil Action No.: |
| v.    ) | |
|       )  | No. 13-CV-275-WCO |
| FRESH 'N FIT CUISINE, INC.,    ) | |
|    Defendant.    ) | |
| _____ ) | |

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 18th day of February, 2014.

                                    By:   /s/ Matthew R. Rosenkoff
                                              Matthew R. Rosenkoff
                                              Georgia Bar No. 842117